**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY G. PREWITT,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WALGREENS COMPANY,** | : | **No. 11-02393** |
| **Defendant.** | : | |

**M E M O R A N D U M**

STENGEL, J.                                                    December  2, 2013

  This is an employment discrimination case filed by plaintiff Mr. Prewitt against his former employer Walgreens.  Plaintiff alleges that Walgreens discriminated against him due to his age and his objection to providing flu vaccines in his capacity as a pharmacist.  Plaintiff now moves to compel production of all attorney-client privileged information between defendant and its counsel.

## I. BACKGROUND

  Plaintiff argues that a number of disclosures suggest defendant has waived the privilege.  Plaintiff cites: 1) alleged disclosures that occurred during the deposition of Mr. Philip Anderson, plaintiff's supervisor at Walgreens; 2) eight documents which were inadvertently integrated into defendant's response to a production request and sent to counsel at the outset of discovery; and 3) plaintiff's unsupported contention that defendant plans to invoke the defense that its actions were justified because it relied on counsel's advice.

Defendant argues that there were no disclosures during Mr. Anderson's deposition that would constitute a waiver, that the inadvertent document disclosure was remedied immediately and acknowledged by plaintiff's counsel as remedied, and that defendant has no intention to use an "advice of counsel" defense.

## II.   DISCUSSION

The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The purpose of the attorney-client privilege is "to foster disclosure and communication between the attorney and the client." In re Grand Jury Investigation, 599 F.2d 1224, 1235 (3d Cir. 1979).  Accordingly, such "full and frank communication between attorneys and their clients . . . promote[s] broader public interests in the . . . administration of justice." Upjohn Co., 449 U.S. at 389.  A party may waive the attorney client privilege when it affirmatively places the advice of counsel at issue by asserting "a claim or defense, and attempt[ing] to prove that claim or defense by disclosing or describing an attorney client communication." Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994).[1]

The privilege is waived when there are "any acts evincing a clear intent to waive the attorney-client privilege by placing at issue reliance on the advice of counsel." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d Cir. 1995).  However, "advice is not in issue merely because it is relevant, and does not necessarily become in issue

---

[1] See also Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc., 227 F.R.D. 382, 397 (W.D. Pa. 2005) (holding that a party who defends against a claim by asserting reliance on counsel's advice waives the attorney-client privilege); In re Sunrise Sec. Litig., 130 F.R.D. 560, 570 (E.D. Pa. 1989) (same).

merely because the attorney's advice might affect the client's state of mind in a relevant manner." Rhone-Poulenc Rorer, 32 F.3d at 863. Federal Rule of Evidence 502 governs whether a waiver of a privilege exists after a disclosure has been made.[2] Part (a) of the Rule discusses intentional waiver, while part (b) addresses inadvertent disclosure as a waiver. Fed. R. Evid. 502(a)-(b). The party claiming the waiver has the burden of proof as to waiver. Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am., 254 F.R.D. 216, 223 (E.D. Pa. 2008).

### A.  Waiver via Advice of Counsel Defense and Deposition Testimony

Defendant has not formally raised an affirmative defense in this case; nevertheless, plaintiff contends that defendant has indicated its intent to rely on an advice of counsel defense in their responses to requests and in the deposition of Mr. Anderson.  Plaintiff has not set forth sufficient evidence to support a finding that defendant waived the privilege or that defendant has asserted advice of counsel as a defense to his claims that he was unlawfully terminated. Plaintiff's argument as to this point has no basis.

Additionally, during his deposition Mr. Anderson did not disclose anything that could be considered to waive the attorney-client privilege.[3] In the initial example plaintiff cites in his motion, he claims that during the examination by plaintiff's counsel, Mr. Anderson waived the attorney-client privilege:

---

[2] When no disclosure has been made, federal common law applies. See Fed. R. Evid. 502 Advisory Committee Notes, Nov. 28, 2007 ("The rule is not intended to displace or modify federal common law concerning waiver of privilege or work product where no disclosure has been made.").

[3] Since Mr. Anderson made no disclosure of information during his testimony beyond that privileged communications existed, Fed. R. Evid 502 does not apply as to the deposition testimony and, instead, federal common law is applicable.

Q: And did you ever speak with anyone to confirm your understanding in that regard?

A: I seeked (sic) counsel.

Q: And you confirmed during any such conversation that your reading that you just explained to me was accurate?

Mr. Vonsover: Objection.  I'm sorry, you said you reached out to whom?

Mr. Gallagher: He seeked (sic) counsel.

Mr. Vonsover: All right.  So when you say counsel, you mean from an attorney?

A: Of an attorney.

Mr. Vonsover: So can you repeat your question?

Q: So during that conversation with Counsel, it's your testimony that you confirmed your understanding of the meaning of the language that we just read, is that correct?

A: I reviewed the policy with our attorney.

Q: And you confirmed the reading that you provided to me as to your understanding of that language during the consultation?

Mr. Vonsover: Objection. And you should not answer that.

Mr. Gallagher: Are you instructing him not to answer?

Mr. Vonsover: I am indeed. If you want to ask him what steps he took after seeking counsel, you should feel free to do that.

Mr. Gallagher: Fine.

Q: What steps did you take immediately after seeking counsel as to the meaning of that language?

A: I drafted the email…

I agree with defendant that, throughout his testimony, Mr. Anderson merely revealed the fact of a communication with counsel without revealing the substance of that communication.  Dutch Branch of Streamserve Dev. AB v. Exstream Software, L.L.C, No. 08-0343, 2009 U.S. Dist. LEXIS 76006, at *4 (D. Del. Aug. 26, 2009) (denying waiver where testimony goes to existence, not substance, of communication).  His testimony does not support a conclusion that he had made the decision and taken the affirmative step in the litigation to place the advice of the attorney in issue.  See Rhone-Poulenc Rorer, 32 F.3d at 863; see also Saltern v. Nor-Car Fed. Credit Union, No. 02-7175, 2003 U.S. Dist. LEXIS 7679, 2003 WL 21250578, at *2 (E.D. Pa. Apr. 17, 2003) ("Disclosure of the fact of a meeting with counsel is not the affirmative act of waiver required by Rhone-Poulenc.").  Nor does it support a finding that defendant had a "clear intent to waive the attorney-client privilege . . . ."  See Glenmede Trust Co., 56 F.3d at 486.

## B.  Waiver via Inadvertent Disclosure of Documents

Plaintiff contends that defendant waived the attorney-client privilege as to Mr. Anderson's communication with counsel by accidentally sending eight documents that were privileged to plaintiff's counsel on July 18, 2011.

Federal Rule of Evidence 502(b) provides that a disclosure of information covered by the attorney-client privilege in a federal proceeding may operate as a waiver if it was intended, the privilege holder did not take reasonable steps to prevent it, and the holder did not promptly rectify the error. Fed. R. Evid. 502(b). The Advisory Committee Note, however, indicates that a subject matter waiver—that is, the waiver of the privilege as to

other undisclosed communications of information—does not apply to inadvertent disclosure. See Fed. R. Evid 502 Advisory Committee Notes, Subdivision (a), Nov. 28, 2007.  Thereby, in order for the plaintiff's motion to succeed, plaintiff must offer evidence that the disclosure on July 18, 2011 was intentional before I could consider whether it constituted a subject matter waiver.

There is no evidence to indicate that the disclosure by defendant's counsel was intentional.[4] In defendant's letter outlining responses and objections to plaintiff's requests for production which was served with its production of documents on July 18, 2011, defense counsel repeatedly indicated that privileged materials were not produced.[5] Furthermore, when defense counsel realized the error shortly thereafter, counsel notified plaintiff immediately and requested that the documents be treated as privileged and destroyed; plaintiff's counsel then agreed to do this for to all but one document.[6]

---

[4] Even if the disclosure were intentional as plaintiff contends, plaintiff's argument under Federal Rule of Evidence 502(a) would still fail because there is no evidence to show that the disclosed and undisclosed communications concerned privileged communications between Mr. Anderson and his counsel or that the disclosed communications need to be read together with the undisclosed communications in order for the sake of fairness. See Fed. R. Evid. 502(a).  See also Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1426 n. 12 (3d Cir. 1991) ("When a party discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary."); Shionogi Pharma, Inc. v. Mylan Pharmaceuticals, Inc., No. 10–1077, 2011 WL 6651274, at *4 n. 1 (D.Del. Dec.21, 2011) (discussing the consistency between the Fed. R. Evid. 502 and Westinghouse ); Lawless v. Delaware River Port Authority, Civ. A. No. 11–7306, 2013 WL 180347, at *3 (E.D. Pa. Jan. 16, 2013).

[5] See Plaintiff's Motion to Compel Attorney-Client Communications, Exhibit C (Doc. No. 47).

[6] The email on August 22, 2011 by defendant's counsel Amir Vonsover to plaintiff's John Gallagher read:

John,

In reviewing the documents we produced in this case, we realize that we inadvertently produced a number of documents which contain attorney-client communications, and thus should have been marked as privileged. Specifically, the following documents should not have been produced, as they contain communications with Walgreens' in-house counsel, Stephanie Gaines, and/or outside counsel:

D-0008 through D-0014

Such a single accident does not constitute a waiver of the attorney-client privilege, particularly a broad waiver as to all privileged communications between Mr. Anderson and counsel. Accordingly, I will deny plaintiff's motion to compel on the basis of my finding that defendant has not waived the attorney-client privilege.

## III.   CONCLUSION

For the foregoing reasons, plaintiff's motion to compel attorney-client communications is denied.

An appropriate Order follows.

---

D-0034 through D-0035
D-0136

Please treat these pages as privileged and inadvertently produced, and please dispose of them. For your convenience, I have attached an updated PDF of Bates #s D-0001 through D-0251, with the privileged pages removed. Please replace my initial PDF with the updated attached PDF.

I appreciate your assistance in preserving the confidentiality of these inadvertently produced documents. My apologies for the confusion.

Please let me know if you have any questions.
- Amir

Plaintiff's Motion to Compel Attorney-Client Communications, Exhibit C (Doc. No. 47).

Plaintiff's counsel agreed to ignore and discard all but three of those documents contending that those three documents were never covered by the privilege, *not* that their disclosure constituted a waiver. See Defendant's Response to Motion to Compel, Exhibit A (Doc. No. 49). Defendant agreed that two documents were not covered but still asserted the privilege as to the third. See Defendant's Response to Plaintiff's Motion to Compel Attorney-Client Communications, Exhibit A (Doc. No. 49). Whether the inadvertently disclosed documents in themselves are not covered by the privilege is a separate issue than whether their disclosure constituted a broader waiver of the privilege as to communications involving Mr. Anderson. To allow plaintiff's counsel to now raise this issue of subject matter waiver almost a year and a half after the disclosure and alleged waiver would be unfair to the defendant.