IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY G. PREWITT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WALGREENS COMPANY, | : | No. 11-02393 |
| Defendant. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                           December 2, 2013

This is an employment discrimination case filed by plaintiff Mr. Prewitt against his former employer Walgreens. Plaintiff alleges that Walgreens discriminated against him due to his age and his objection to providing flu vaccines in his capacity as a pharmacist. Plaintiff now moves to compel the deposition of Ms. Sherrise Trotz, the Executive Pharmacy Director for Midwest Pharmacy Operations of Walgreens.

**I.      BACKGROUND**

Plaintiff argues that Ms. Trotz deposition is essential to the plaintiff's case regarding the Pharmacist Immunizer Policy (Policy). Defendant argues that it has no objection to plaintiff taking Ms. Trotz's deposition; however, it contends that because Ms. Trotz is not an officer of Walgreens and she resides in Chicago, Illinois (more than 100 miles from this district), plaintiff's notice of deposition was inappropriate. Additionally, defendant argues that plaintiff's ten-day deposition notice did not provide reasonable notice especially due to the fact that plaintiff requested that the deposition take place in plaintiff's office in Paoli, Pennsylvania.

**II.  DISCUSSION**

Fed. R. Civ. P. 30(a)(1) permits litigants to take the deposition of any person or entity, but the federal rules do not authorize the court to compel any such deposition. Rather, Rule 30(a)(1) recites that "attendance may be compelled by subpoena under Rule 45." Rule 45(b)(2) provides for service of a subpoena in the United States.  Specifically, it states that,

> [A] subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place without the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

Fed. R. Civ. P. 45(b)(2). Moreover,  Fed. R. Civ. P. 45(c)(3)(A)(ii) provides that a court "shall quash or modify the subpoena if it . . . . requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides."

In this case, it is clear that Ms. Trotz is not a party to this case or an officer of the defendant, and that she is merely a fact witness currently residing well outside the 100-mile requirement in the federal rules.  Nothing in the Federal Rules of Civil Procedure requires a non-party witness to be deposed at plaintiff's office in Pennsylvania.  On the contrary, the Federal Rules of Civil Procedure dictate otherwise.  Following the mandates of Fed. R. Civ. P. 45(b)(2) and Fed. R. Civ. P.  45(c)(3)(A)(ii), the court cannot require Ms. Trotz to travel more than 100 miles from her residence in Illinois. Accordingly, under these Rules, I cannot grant plaintiff's application to compel the deposition.

Further, I agree with defendant that a telephone deposition is not ideal in this action. In ruling on a motion pursuant to Rule 30(b)(7), courts must employ discretion and caution to ensure that no one is prejudiced by utilizing this relatively untested method of conducting discovery. <u>Mercado v. Transoceanic Cable Ship Co</u>., Civ. A. No. 88-53351989, U.S. Dist. LEXIS 8484, at *2-3 (E.D. Pa. July 25, 1989). Mr. Trotz is quite possibly an important witness whose testimony will be used at trial. Additionally, given the inordinate difficulties the plaintiff and defendant have encountered throughout the discovery process, including last-minute filings and a number of disputes, the restrictive nature of a telephone deposition would only contribute further to counsel disagreements. The accurate characterization that plaintiff has found issue with attorney-client privilege, and the fact that Ms. Trotz's testimony would likely illicit protected information, gives much credence to the defendant's argument. Given the plaintiff's argument that the testimony is critical to his case, it should be noted that many courts have found that "[t]elephone depositions are not recommended for obtaining controversial testimony" because counsel "cannot observe the impact of [the] question or the witness' nonverbal responses." <u>United States v. Rock Springs Vista Dev.</u>, 185 F.R.D. 603, 604 (D. Nev. 1999).[1]

Nevertheless, deposition by telephone is authorized under the federal rules, <u>see</u> Fed. R. Civ. P. 30(b)(7) ("the parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone"), and such procedure is generally

---

[1] <u>See</u> <u>also</u> <u>McGinley v. Barratta</u>, Civ. A. No. 06-510, 2006 U.S. Dist. LEXIS 56109, at *3-4 (E.D. Pa. Aug. 11, 2006); <u>Sampathachar v. Fed. Kemper Life Assur. Co.</u>, Civ. A. No. 03-5905, 2004 U.S. Dist. LEXIS 23978, at *1-4 (E.D. Pa. Nov. 24, 2004). <u>See</u> <u>also</u> 4A, Moore's Federal Practice, para. 30, 57 [15], at 30-127 (telephone depositions are most appropriate when issues are simple but important and cost of attendance is high).

favored in the Eastern District of Pennsylvania, even where the testimony of an important trial witness is involved.  See, e.g., Loughin v. Occidental Chem. Corp., 234 F.R.D. 75, 77 (E.D. Pa. 2005) ("Parties should explore every opportunity to use telephone depositions when it would not compromise the participant's position in the case if for no other reason than the tremendous savings in cost."); Baker v. Institute for Scientific Information, 134 F.R.D. 117 (E.D. Pa. 1991); Bywaters v. Bywaters, 123 F.R.D. 175 (E.D. Pa. 1988); Davis v. Davis, No. 86-2311, 1986 WL 13301 (E.D. Pa. Nov. 21, 1986).  See also Moore's Federal Practice § 30.24 (3d ed. 1999) ("Leave to take a telephonic deposition should be liberally granted.  The burden is on the party opposing the deposition to establish why it should not be conducted by telephone.").

In Bywaters, the court directed that the telephone connections be arranged in such a manner that the witness and all counsel had access to a facsimile machine as well as to a telephone so that counsel could "hand" the witness the relevant documents concerning which he was to testify at the appropriate places in the deposition.  I will instruct that counsel abide by these same conditions.  Additionally, I will not limit counsel to the use of telephone, if a party should have access to a video conference.  Counsel should also agree upon a place for the deposition where they can be together to view the relevant documents and lodge any objections thereto on the record.  Lastly, I will direct that a stenographic record be kept of the entire proceeding, including all objections.  It should also be noted that I am not making a decision at this time as to the admissibility of the telephone deposition, or any portion thereof, at trial.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to compel Mr. Troz's deposition is denied.

An appropriate Order follows.